# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2022

Lyle W. Cayce
Clerk

No. 21-60886

Michael Jerome Williams,

*Petitioner—Appellant*,

*versus*

Warden Frank Shaw,

*Respondent—Appellee*.

Application for Certificate of Appealability from the
United States District Court for the Southern District of Mississippi
USDC No. 3:20-CV-778

Before Stewart, Haynes, and Ho, *Circuit Judges*.
Per Curiam:[*]

Michael Jerome Williams, Mississippi prisoner # 62701, moves for a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition challenging his convictions for murder and felon in possession of a firearm. He argues that the district court erred in finding his petition untimely, and that he is entitled to statutory and equitable

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

tolling.  Finally, Williams argues the district court erred in refusing to hold an evidentiary hearing.

To obtain a COA, Williams must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where the district court has denied federal habeas relief on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Williams has not made that showing.

In light of the foregoing, it is ordered that Williams's COA motion is DENIED.  His motion to proceed in forma pauperis is also DENIED.

As Williams fails to make the required showing for a COA on his constitutional claim, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021).